## FOLSOM *v.* BLAISDELL.

Where judgment for costs is rendered upon a nonsuit, in an action brought
by an administrator for a cause of action which accrued to his intestate,
and is so alleged, the judgment is properly entered, in the first instance,
against the goods and estate of the intestate in the hands of the adminis-
trator.

Upon the return of *nulla bona* on the execution in such case, and *scire
facias* to the administrator, execution is to be awarded against him, *de
bonis propriis*, if he fails to show cause why it should not be awarded.

It is good cause why such execution should not be awarded, that the admin-
istrator commenced the suit in good faith, upon a supposed valid claim
which he had reasonable expectation of recovering, although, at the time
of suit brought he had administered all the estate, and settled his admin-
istration account, and had no balance in his hands to be distributed.

It is no ground for awarding execution in such case, *de bonis propriis*, that
the suit was brought in the name of the administrator by a third person,
for his own benefit, upon a promissory note, not negotiable, payable to
the intestate, and assigned by him, and that the administrator neglected
to obtain security from the plaintiff in interest against the costs of the
suit.

SCIRE FACIAS against Blaisdell, as administrator of Joseph
T. Gilman, summoning him to appear and show cause why
execution should not be awarded against him, *de bonis pro-
priis*, on a judgment recovered by the plaintiff, Folsom,
against Blaisdell, as said administrator, in a suit brought
in the name of Blaisdell, as administrator, by one Plum-
mer, for his own benefit, upon a promissory note given by
Folsom to the intestate, and in which action Blaisdell
became nonsuit, and judgment was rendered in favor of
Folsom for his costs.   It appeared in evidence that the
original writ, *Blaisdell, admr.*, v. *Folsom*, was dated March
23, 1854, and was entered September term, 1854; that
judgment by agreement, open to review, was rendered in
favor of the administrator against Folsom, for the amount
of the note, and for costs, at the February term, 1855;
that a writ of review was sued out by Folsom, August 10,
1855, and entered at the September term, 1855.   At the

time of the entry of the original action, the name of Plummer was entered upon the docket as the plaintiff in interest. At the February term, 1855, an agreement was executed by Plummer, not under seal, to save Blaisdell harmless from the costs of that suit. Blaisdell had no knowledge of the bringing of the action by Plummer, in his name, until a month or two after the original action was entered. Previous to the commencement of the action, Blaisdell had fully administered all the estate of Gilman, and had settled his administration account; and there was no balance in his hands to be distributed among the heirs, the whole of the estate, real and personal, having been exhausted in the payment of debts and the expenses of administration. After judgment was rendered by agreement in favor of Blaisdell, the agreement which he had taken from Plummer to indemnify him against the costs, was given up and cancelled, without the knowledge of Folsom. After the writ of review was brought, and the action entered, counsel employed by Plummer appeared for Blaisdell, and the action was continued at two terms of the court; and at the third, Folsom moved that the plaintiff in interest be required to furnish security for costs, which was ordered by the court, but Plummer declined to furnish the required security; whereupon Blaisdell, then defendant in review, being the original plaintiff, became nonsuit, and judgment was rendered for costs against the goods and estate of Gilman, in the hands of his administrator. Execution was issued upon this judgment, which was placed in the hands of an officer and duly returned by him, with his return thereon that he had made diligent search, and had found no goods, chattels, lands or estate of said Gilman in the hands of Blaisdell, administrator, &c.

It was ordered in the court below that Folsom should have execution against Blaisdell, of his own goods, for the amount of the judgment; to which the plaintiff in that action, defendant in the *scire facias*, excepted.

*E. A. Hibbard,* for the plaintiff.

If the note in suit in the original action had still remained the property of the estate, and the action had been brought in good faith by the administrator for the benefit of the estate, though at a time when he knew he had nothing in his hands belonging to the estate with which to respond for costs, and though he had reason to expect a defence to the action, still there may be good grounds for contending that the administrator would not be liable personally for costs, either in the first instance or upon a *scire facias,* after a return of "no goods." According to recent rulings at *nisi prius,* it seems he would be personally liable even then. However that may be, it cannot be necessary to cite authorities to show that when an administrator prosecutes a suit, or permits it to be prosecuted in his name, without objection, knowing that all the property of the estate has been fully administered, he must be answerable personally for costs. Blaisdell should have had the action entered "neither party," or nonsuited at the first term after he had knowledge of its pendency, unless he got a satisfactory indemnity; and if he had an indemnity, of course he should not have given it up after judgment by agreement, open to review, at least until the time limited for the suing out of the writ of review had expired; that is, unless he chose to assume the risk. See *Pillsbury* v. *Hubbard,* 10 N. H. 224, and cases cited; and *Keniston* v. *Little,* 30 N. H. (10 Fost.) 318, and cases cited.

*T. J. Whipple,* for the defendant.

SAWYER, J. The only statutory provision of this State which recognizes any personal liability of an executor or administrator for costs in a suit founded upon a cause of action in favor of or against the testator or intestate, is contained in sec. 13, ch. 161 of the Revised Statutes, which provides that upon return of "no goods," or "waste,"

made by the sheriff on an execution in a suit where the cause of action was against the person deceased, an execution may be awarded on *scire facias* against the goods or estate of the administrator as for his own debt, to the amount of such "waste," if it can be ascertained; otherwise for the whole debt. This provision is substantially a reënactment of one of the clauses of section 19, of the act of July 2, 1822, relating to the powers and duties of judges of probate. N. H. Laws, (ed. of 1830,) p. 338.

In *Pillsbury* v. *Hubbard*, 10 N. H. 233, it is said by *Parker*, C. J., in reference to this clause of the act, that cases where the administrator has himself commenced an action, and, after judgment against him, has refused to expose the goods of the intestate, are certainly within the reason of the clause, and may, perhaps, well be held to be within its provisions. But it does not follow, if the case is within the statute, that an execution against the administrator, of his own goods, is to be awarded upon *scire facias*, as a matter of course. It can be awarded only when, upon the *scire facias*, the administrator fails to appear; or when, appearing, he fails to show cause why it should not be awarded. This was the express provision of the act of 1822, and although it is omitted from the Revised Statutes, the omission does not effect a change of the law in this respect. By the statute, the execution *de bonis propriis* is to be awarded upon *scire facias* to the administrator. This implies that he is to be heard. To what end, it may be asked, unless it be that he may show cause against the issuing of such execution. If the judgment in the first instance was properly entered against the goods of the intestate in the hands of his administrator, upon the return of "no goods" on the execution, presumptively the administrator, when called upon to expose the goods of his intestate to be levied upon, refused to do so, because he had wasted the estate of which, according to the judgment, execution was to be had. The question upon the *scire*

*facias*, therefore, is, whether he shows good cause against the award of an execution *de bonis propriis*, by making it appear that the return of *nulla bona* was founded, not upon his refusal to expose the goods of the intestate, which he then had in his hands, or which before that he had wasted, but upon his refusal, because he had no assets, having, before the judgment, legally administered all the estate. If the presumption which arises upon the return of *nulla bona*, that there has been waste of the goods of the intestate against which the judgment was rendered, is thus controlled by evidence on the part of the administrator, we think that in a case commenced by him, in good faith, on account of the estate, this would constitute good cause why an execution should not be awarded against him personally. The facts, that when he commenced the suit he had administered all the estate which had come to his hands, and had made a final settlement of his account, should not have the effect to subject him to personal liability. He may have forborne to institute a suit until the final settlement had been made, for the reason that nothing could be expected from a judgment against the debtor by reason of his hopelessly insolvent condition, or for other reasons equally satisfactory, and these may afterwards have been removed. It may thus have become the duty of the administrator to attempt to enforce the claim, and there is no reason why he should be required to do it at the peril of a judgment against him personally for the costs. The supposed debtor in such case stands in the same condition as every defendant resisting the suit of an insolvent plaintiff, and in all such cases application made by the defendant for security to be filed by the plaintiff, for costs, on the ground of his insolvency, is uniformly denied by the court, unless there is shown some ground for the application beyond the mere fact of the insolvency. It is not the policy of the law in this State to embarrass a party seeking to enforce what he sets up as his just claim, with

Folsom *v.* Blaisdell.

a requirement of this kind, as a condition precedent to the maintenance of his suit. It might amount to a denial of justice. It is more in accordance with the policy adopted here on that subject, to leave the administrator at liberty to commence and prosecute his suit, when it is done in good faith, upon any claim which he may understand may be due to the estate, without incurring personal liability for the costs, rather than to impose upon him the restraint which must result from holding him thus liable. If he prosecutes the suit upon the understanding that the claim is just and legal, it does not necessarily result that he is to be charged with waste because he fails in the suit. He may be so charged if he subjects the estate to the costs of the suit, without reasonable expectation of recovering. Whether that is a matter to be inquired of in a case of this character, or whether it is to be adjusted upon settlement of his administration account, is a question not necessary to be considered, as there is nothing in the case to show that the administrator conducted unreasonably or improperly, so far as Folsom is connected with the question, in allowing the suit to be prosecuted in his name for the benefit of Plummer. His intestate had transferred the note to Plummer, and had thereby empowered him to commence a suit upon it in his name. That he, if living, or his administrator, if the suit were prosecuted after his decease, might have become nonsuit, in case the party in interest had failed, on request, to give indemnity against the costs, is quite true ; but such indemnity, if taken, would not have inured to the benefit of Folsom. It would have been a matter entirely between Plummer, the party in interest, and the administrator. The remedy of Folsom, in reference to costs, in case he was not content to rely upon the party on the record, (that is, in this case, the estate of the intestate in the hands of the administrator) was to obtain security from Plummer, by an order of court to that effect. *Gookin* v. *Upham,* 22 N. H. (2 Fost.) 38.

Having neglected to make application for such order, he cannot complain that the administrator obtained no indemnity from Plummer, or that, having obtained it in the original suit, he gave it up before the termination of the review.

There are, undoubtedly, cases where the administrator is to be charged personally with costs, independent of any statutory provisions to that effect. Instances of this are to be found in the cases collected and commented upon in *Pillsbury* v. *Hubbard*, before cited, and in *Keniston* v. *Little*, 30 N. H. (10 Fost.) 318, also cited by the counsel for the plaintiff. But none of these cases afford authority for the award of the execution upon this proceeding. They are cases where the judgment for costs is, in principle, like an interlocutory order entered against the administrator, because of some default or neglect; as in *Hawes* v. *Saunders*, 3 Burr. 1584, where judgment of *non pros.* was signed against him for not filing his declaration within time; *Eames* v. *Mocato*, 1 Salk. 314, for not going to trial agreeably to his notice; *Higgs* v. *Wary*, 6 T. R. 654, for not joining in demurrer to his declaration for a defective profert; or they are cases where, according to the English practice, the administrator is to be charged for pleading falsely, by a judgment against him in the alternative, that the costs be levied of the goods of the intestate, if the defendant hath so much in his hands to be administered, and if not, of his own goods; as in *Ewing* v. *Peters*, 3 T. R. 685, and *Ballard* v. *Spencer*, 7 T. R. 358. We have no practice here charging an administrator with costs on account of false pleading merely, nor any which warrants an alternative judgment. *Pillsbury* v. *Hubbard*. Or they are cases where the administrator counts upon a cause of action, which, though accruing to the intestate, may be alleged to have arisen after his decease, and the allegation that the plaintiff is administrator or executor is regarded merely as *descriptio personœ*; as

Folsom *v.* Blaisdell.

in *Hollis* v. *Smith*, 10 East 293, and *Grinstead* v. *Shirley*, 2 Taunt. 116. The case of *Keniston* v. *Little* is one of this latter class, and there the judgment, in the first instance, was rightfully entered against the administrator, personally. All the cases in which the administrator is to be charged, independent of statutory provisions to that effect, by a judgment against him *de bonis propriis*, for costs, are those where the judgment is properly so rendered in the first instance. Here the judgment could not properly have been so entered, but was rightfully taken against the goods and estate of the intestate. It can be converted into a judgment *de bonis propriis*, only by proceedings upon *scire facias*, under the statute.

The ruling of the court below, in awarding the execution, was incorrect. The order must be vacated, and judgment rendered for the defendant, for his costs upon the *scire facias*.